UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JEFFREY K. ALEXANDER,          )
                               )
        Petitioner,            )        Civil Action No. 12-CV-091-HRW
                               )
v.                             )
                               )
MICHAEL SEPANEK, Warden,       )        **MEMORANDUM OPINION**
                               )        **AND ORDER**
        Respondent.            )

**** **** **** ****

Jeffrey K. Alexander is an inmate currently confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Alexander has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the amount of jail time the Bureau of Prisons ("BOP") has credited against his federal sentence. [D. E. No. 1] He requests the Court to direct the BOP to award him additional credit on his federal sentence of nearly ten months, from May 12, 2011, through March 5, 2012.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Alexander is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton*

*v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## FACTUAL BACKGROUND

In 2009, Alexander was convicted in Marion County, Indiana, for Possession of Cocaine or Narcotic Drug. *See* Case No. 49G20-0903-FA-036523. On December 8, 2009, the Indiana state court sentenced Alexander to a six-year term of imprisonment. [D. E. No. 1-2, p. 2] Thereafter, on January 22, 2010, the United States Marshals Service ("USMS") removed Alexander from state custody on a federal writ of habeas corpus *ad prosequendum* relative to a pending federal charge against him. On January 28, 2010, the United States District Court for the Southern District of Indiana sentenced Alexander to a 22-month term of imprisonment for Supervised Release Violation, to be served consecutively to his Indiana state sentence in Case No. 49G20-0903-FA-036523. *United States v. Jeffrey K. Alexander*, Case

2

No. 1:99-cr-00016 (December 8, 2009). After the federal sentence was imposed, Alexander was returned to state custody to continue serving his state sentence. [D. E. No. 4-1, p. 9]

On May 19, 2011, state authorities in Marion County, Indiana, released Alexander to a work release program and to a federal detainer filed by the USMS. However, those state officials soon realized that Alexander had been inadvertently and prematurely released to the USMS, and they contacted the USMS and requested that Alexander be returned to state custody to finish serving his state sentence. *Id.* The USMS returned Alexander to Marion County, Indiana, for him to serve the remainder of his state sentence, and the state continued to credit his time toward service of his state sentence for the time he had been temporarily in federal custody. *Id.* On March 5, 2012, Alexander was paroled from his state sentence and was released to the custody of the USMS on March 6, 2012, to commence service of his federal sentence. *Id.* Alexander's projected release date on his federal sentence is September 29, 2013.[1]

## DISCUSSION

---

[1] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction= IDSearch &needingMoreList=false&IDType=IRN&IDNumber=04579-028-149-1718x=718y=10 (last visited on February 25, 2013).

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements Section 3585 through Program Statement 5880.28.

When an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, which entitles that sovereign to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922).  This primary custody remains until the sovereign expressly relinquishes its control over the person, *Bowman v.*

4

*Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982), which may be shown where it dismisses all the charges against him or releases the defendant upon service of the sentence imposed or to parole. *Berry v. Sullivan*, 2007 WL 4570315, at *2 (D.N.J. 2007). Alexander's conviction on the state drug trafficking charge in Indiana in 2009 placed him in the primary custody of the State of Indiana. This felony conviction resulted in the federal charge for the Supervised Release Violation. The fact that he was temporarily transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for prosecution on the federal charge did not cause Indiana to relinquish primary custody. *Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). Alexander was properly returned to state custody for continued service of his state sentence following his sentencing on the federal charge.

In responding to Administrative Remedy appeal to the BOP's Central Office, the BOP acknowledged that on May 19, 2011, Indiana state authorities erroneously released him to the USMS on the federal detainer. [D. E. No. 4-1, p. 9] That error was corrected, however, and the USMS returned Alexander to state custody to serve the remainder of his state sentence, and Indiana credited his state sentence for time served during his erroneous release to federal custody. On March 5, 2012, Alexander was paroled on the state sentence and was released to the USMS on March 6, 2012, on the federal detainer to commence service of his federal sentence. *Id.*

5

In support of his claim that he is entitled to the requested credit on his federal sentence, Alexander has submitted an "Abstract of Judgment" from the State of Indiana reflecting a release date of March 25, 2014, on his state sentence. [D. E. No. 1-2, p.2]  Based on this document, Alexander appears to believe that once he completes service of his federal sentence, he will be returned to the State of Indiana to complete service of his state sentence; therefore, he contends that the requested time was not credited to his state sentence and should be credited to his federal sentence, pursuant to 18 U.S.C. § 3585(b).

Alexander's argument is based on documents from the State of Indiana containing information that has been outdated or is otherwise no longer correct. The foregoing "Abstract of Judgment" was signed by the committing state judge on August 24, 2011. Thus, as of that date, the Indiana Department of Corrections had calculated Alexander's projected release date to be March 25, 2014. However, Alexander was later paroled on the state sentence on March 5, 2012, and was released to the USMS on March 6, 2012, on the federal detainer to commence service of his federal sentence. Alexander's parole on the Indiana state sentence post-dates the "Abstract of Judgment" on which he relies. Being paroled on the state sentence means that Indiana has relinquished primary jurisdiction over him; he has no additional state sentence to serve. Alexander is simply of the mistaken belief that

6

after he has served his federal sentence, he will be required to serve additional time on his state sentence in order to complete service of the state sentence.

Alexander's habeas petition is precluded by 18 U.S.C. § 3585(b) because he received credit on his Indiana state sentence from May 12, 2011, through March 5, 2012, the same period of time he requests be applied to his federal sentence. Since the record fails to indicate that Alexander is entitled to additional credit, his petition does not provide a basis for relief.

Accordingly, **IT IS ORDERED** that:

1.    Jeffrey Alexander's petition for writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.    The Court will enter an appropriate judgment.

3.    This matter is **STRICKEN** from the active docket.

Entered March 12, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge